Barney, J.,
delivered the opinion of the court:
The claimant was a captain and quartermaster in the United States Army, and as such, on the 21st day of April, 1902, was assigned to duty on transports plying between San Francisco and Manila, in the Philippine Islands. He served under such assignment on two different transports until February 11, 1905, the most of said time being spent upon the high seas in passing between the ports named.
This action is brought to recover 10 per cent increase of his regular pay as such captain for the time served on such transports, under the claim that such increase is due him by the provisions of the act of June 30, 1902 (32 Stat. L., 507, 512). The law under which this claim is based is a provision of the army appropriation act for the fiscal year ending June 30, 1903, and the whole paragraph relating to the subject is as follows:
“ For additional ten per centum increase on pay of officers serving at foreign stations, five hundred thousand dollars: Provided, That hereafter the pay proper of all officers and enlisted men serving beyond the limits of the States comprising the Union, and the Territories of the United States contiguous thereto, shall be increased ten per centum for officers and twenty per centum for enlisted men over and above the rates of pay proper as fixed by law for times of peace, and the time of such service shall'be counted from the date of departure from said States to the date of return thereto.”
*169 The decision of this case depends, therefore, upon the construction to be given to the foregoing statute, i. e., whether service on a transport plying between San Francisco and Manila is “ service beyond the limits of the States,” etc., within the meaning of the law.
It is doubtless true, as contended by the claimant, that the proviso in the statute quoted is not a “ proviso ” at all within the strict meaning of that word, and is only the addition of a permanent law to a temporary appropriation, which could as well have been connected by the conjunction “ and.” This, however, is only a question of choice of words, and whatever our views upon that subject may be it is certain that the permanent law in question is directly connected with this appropriation and thus made a part of it; and for that reason xve think it is the duty of the court, under familiar rules of interpretation, in construing this statute to give attention to all the language of the paragraph.
The appropriation is for the pay of officers “ serving at foreign stations.” Literally and technically interpreted this was an appropriation only for the pay of such officers as might be serving in foreign countries entirely beyond the jurisdiction of the United States, and would not include such as might be serving in Alaska or one of our insular possessions. We feel sure, however, that this appropriation was never so construed, and it seemed to be conceded by both parties, upon the argument of the case, that the words “ foreign stations ” had particular reference to our outlying territorial possessions. In fact, it may be said that the proviso defines the words used in the appropriating clause as having such meaning — that is to say, that “ all commissioned officers and enlisted men serving beyond the limits of the States comprising the Union,” etc., are to be considered as serving at “ foreign stations; ” and doubtless the disbursing officers of the army so construed this appropriation.
Thus, taking the whole paragraph together, only such officers are to receive the extra pay as are actually stationed either in some foreign countries or in some of our outlying possessions.
This view is strengthened by the last clause of the section which says, “ the time of such service shall be counted from *170 the date of departure from said States to the date of return thereto,” and which is useless if service on the high seas is to be considered service beyond said States.
In the case of The Adventure, 1 Federal Cases, 202, 204, the court in construing the meaning of the words “ foreign place” in a Federal statute said: “The broad navigable ocean, which is emphatically and truly termed the highway of nations, can not, in strict propriety of language, be denominated ‘ a foreign place.’ The words are said to be used to denote any place not belonging to the United States. But the sea is the common property of all nations. It belongs equally to all. None can appropriate it exclusively to themselves; nor is it foreign to any.”
A similar construction of the statute under consideration would deny recovery to the claimant either under the appropriation clause or the proviso of the same.
The petition is dismissed and judgment ordered for the defendants.